Of Counsel:
LAW OFFICE OF ROBERT D. KAWAMURA
Attorneys At Law

ROBERT D. KAWAMURA 4537-0
550 Halekauwila Street
Suite 106
Honolulu, Hawaii 96813
Telephone: (808) 523-7777
Facsimile: (808) 523-3780

Attorneys for Plaintiffs
SHIROH FUKUOKA, Individually and
as Personal Representative of
THE ESTATE OF MITSUKO FUKUOKA, and
as Next Friend Of MIHO FUKUOKA, a Minor

2003 SEP -8 PM 3: 22

CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SHIROH FUKUOKA, Individually and as Personal Representative of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend Of MIHO FUKUOKA, a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MORNING STAR CRUISES, INC., a Hawaii corporation; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURERS 1-10, DOE LIMITED LIABILITY ENTITIES 1-10, DOE NON-PROFIT ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, DOE UNINCORPORATED ENTITIES 1-10, and OTHER DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 03-1-1819-09<br>(Non-Vehicle Tort)<br><br>**COMPLAINT**; SUMMONS |

COMPLAINT

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT 1

Plaintiffs SHIROH FUKUOKA, Individually and as Personal Representative Of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend Of MIHO FUKUOKA (collectively referred to as "Plaintiffs"), by and through their attorney, Robert D. Kawamura, bring this complaint against the above-entitled Defendants, and in doing so, allege and aver as follows:

## COUNT I - Negligence/Wrongful Death

1. Plaintiff SHIROH FUKUOKA, Individually and as Personal Representative Of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend Of MIHO FUKUOKA, is and was at all material times hereto a resident of Japan and is the Personal Representative of THE ESTATE OF MITSUKO FUKUOKA, deceased. He is also the husband of Mitsuko Fukuoka ("the decedent"), who died on August 14, 2002 as a direct and proximate result of the negligent acts and omissions committed by Defendants as alleged herein.

2. Plaintiff THE ESTATE OF MITSUKO FUKUOKA is the personal estate of decedent Mitsuko Fukuoka who died on August 14, 2002. At all material times hereto, decedent Mitsuko Fukuoka was a resident of Japan.

3. Plaintiff MIHO FUKUOKA is and was at all material times hereto a resident of Japan ("Plaintiff Miho Fukuoka"). She is the daughter of the decedent and Plaintiff SHIROH FUKUOKA, and is a minor.

4. On information and belief, MORNING STAR CRUISES, INC., a Hawaii corporation ("Defendant MORNING STAR") is and was

at all material times hereto a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii, as KBOS, TANKLESS SCUBA, KBOS HAWAIIAN DUCK TOURS, KBOS HAWAIIAN SEAHORSE, KBOS SCUBAJET HAWAII, KBOS UNDERWATER FANTASY, SEAWALKER HAWAII, SNUBA and other trade names.

5.   Defendants JOHN AND JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL ENTITIES and DOE ENTITIES 1-10 ("collectively referred to as "Doe Defendants"), are sued herein under fictitious names as their true names and/or identities and/or capacities and/or responsibilities are presently unknown to Plaintiffs and their attorneys except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, co-worker's, partners, managers, supervisors, associates, consultants, vendors, suppliers, manufacturers, designers, testers, inspectors, assemblers, sellers, distributors, subsidiaries, parent companies, subcontractors or contractors, independent contractors, sureties, owners, successors, assignees and/or licensees of the named Defendants, and/or were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein and/or were in some manner responsible (whether by contract, warranty, tort or otherwise) for the damages suffered by Plaintiffs and/or were involved in the work, management, design, planning, construction, renovation, assembly,

supervision, inspection, maintenance, monitoring, repair, installation and/or safety aspects of the subject job site, which actions and/or omissions were each a proximate cause of the injuries and damages suffered by Plaintiffs as alleged herein, and/or conducted some activities in a negligent manner, which negligent conduct was a proximate cause of the injuries and damages suffered by Plaintiffs as alleged herein, and were in some manner related to the named Defendants. Plaintiffs pray leave to amend this Complaint to insert herein the true names, identities, capacities, activities and/or responsibilities of the Doe Defendants when the same are ascertained.

6. All of the acts complained of herein occurred within the City and County of Honolulu, State of Hawaii.

7. Plaintiffs have not made any assignment or transfer of any part of interest of the claims alleged herein. The damages sought by this complaint exceed the minimum jurisdictional requirements of this Honorable Court. This action is brought pursuant to § 663-3 HRS, as amended, and pursuant to all of its remedies.

8. At all material times herein, Defendants' agents and/or employees and/or representatives were each acting within the course and scope of their employment with Defendants. There existed a master-servant relationship between said agents and/or employees and/or representatives and Defendants. Said agents and/or employees and/or representatives were negligent, which

4

negligence includes but is not limited to the negligence alleged herein. As a result thereof, the liability of said agents and/or employees and/or representatives is imputed to Defendants and Defendants are liable to Plaintiffs pursuant to the doctrine of respondeat superior.

9. On August 14, 2002, Defendants operated a "snuba" diving activity in Kaneohe Bay, Hawaii, where patrons paid a fee to Defendants to participate in a diving activity where the participants wore diving helmets with an air tube leading from each helmet to Defendants' boat ("the diving activity"), which diving activity Plaintiffs participated in on this day.

10. On August 14, 2002, Defendants owed a duty to Plaintiffs to operate, manage and maintain the diving activity in a reasonably safe and prudent manner. Defendants breached this duty when they negligently operated, managed and maintained the diving activity as alleged herein.

11. On August 14, 2002, decedent Mitsuko Fukuoka was visiting Hawaii as tourists with her husband, Plaintiff Shiroh Fukuoka, and minor daughter, Miho Fukuoka. On this day, they each participated in Defendants' diving activity in Kaneohe Bay, Hawaii. The diving activity took place in a location in the bay where a boat had to transport Plaintiffs to the location. During the diving activity, decedent Mitsuko Fukuoka "ingested sea water" and gave the "distress signal" to Defendants. She was brought to the surface "unconscious" and "coughed up some bloody

material and was pulled into a boat." She also "brought up 2 cups of water, presumably sea water, when they were resuscitating her, with some frothy-looking material." She was driven by boat to shore unconscious where emergency personnel attempted to resuscitate her and then transported her to the emergency room at Castle Medical Center. Decedent Mitsuko Fukuoka died two days later ("the incident").

12. Decedent Mitsuko Fukuoka's death was the direct and proximate result of each of Defendants' negligent acts and omissions, to include but not limited to their (1) failure to properly operate and monitor the activity; (2) failure to properly prepare the diving equipment for the activity; (3) failure to properly train its employees and agents in the safe operation of the activity; (4) failure to properly instruct and train the participants including Mitsuko Fukuoka; (5) failure to maintain and use proper and adequate safety procedures; (6) failure to properly use and maintain the diving equipment; (7) failure to have a certified first-aid person at the diving activity; (8) failure to timely discover Mitsuko Fukuoka's plight; (9) failure to have sufficient number of qualified personnel at the activity; (10) failure to timely respond to Mitsuko Fukuoka's plight; (11) failure to implement appropriate safety and first aid procedures; (12) negligently responding to Mitsuko Fukuoka's plight; and (13) other negligent acts and omissions.

13. As a direct and proximate result of the negligence of the Defendants, decedent Mitsuko Fukuoka drowned after first suffering horrific pre-death terror, extreme mental anguish and emotional distress while and after she was drowning and severe pain and suffering until her death, entitling Plaintiffs to a judgment against Defendants, jointly and severally, together with a substantial award of damages against Defendants in an amount of be shown at trial. Plaintiffs are also entitled to special damages necessarily incurred for decedent's medical bills and funeral expenses.

14. As a further direct and proximate result, Plaintiffs each suffered and continue to suffer from severe emotional distress, mental anguish and from a loss of consortium, love, affection, companionship and attention from decedent MITSUKO FUKUOKA, whom they were each dependent upon.

### COUNT II – Negligence

15. Plaintiffs incorporate herein by reference each of the previous paragraphs contained in this complaint as if fully set forth herein.

16. At all material times hereto, Defendants failed to initiate, timely initiate and/or properly initiate CPR care, and further failed to provide appropriate first aid care to combat hypoxemia including but not limited to providing sustained ventilation, oxygenation and circulatory support.

17. At all material times hereto, Defendants had little or no emergency procedures and training to handle the situation as presented with Plaintiffs on August 14, 2002.

18. As a direct and proximate result of the negligence of the Defendants, decedent Mitsuko Fukuoka drowned after first suffering horrific pre-death terror, extreme mental anguish and emotional distress while she was drowning and severe pain and suffering until her death, entitling Plaintiffs to a substantial award of damages against Defendants in an amount of be shown at trial. Plaintiffs are also entitled to special damages necessarily incurred for decedent's medical bills and funeral expenses.

**COUNT III - Failure To Warn**

19. Plaintiffs incorporate herein by reference each of the previous paragraphs contained in this complaint as if fully set forth herein.

20. Defendants owed a duty to Plaintiffs to inform them of the risk of drowning during the diving activity and of their procedures in response thereto, but Defendants negligently failed to warn Plaintiffs of the risk of drowning during the diving activity and of Defendants' procedures for handling such incidents. Had Defendants done so, Plaintiffs would not have participated in the activity.

21. As a direct and proximate result of Defendants' negligence, decedent Mitsuko Fukuoka drowned after first

suffering horrific pre-incident terror, extreme pain, suffering and emotional distress knowing that she was going to die, before finally dying, entitling Plaintiff The Estate of Mitsuko Fukuoka to a substantial award of damages against Defendants in an amount of be shown at trial. Plaintiff The Estate of Mitsuko Fukuoka is also entitled to special damages necessarily incurred for decedent's medical bills and funeral expenses.

22. As a further direct and proximate result, Plaintiffs each suffered and continue to suffer from severe emotional distress, mental anguish and from a loss of consortium, love, affection, companionship and attention from decedent Mitsuko Fukuoka.

23. By reason of the negligence set forth above by Defendants, Plaintiffs are entitled to recover damages from Defendants, jointly and severally, in such amounts as shall be shown at trial.

## COUNT IV - Intentional/Negligent Infliction Of Emotional Distress

24. Plaintiffs incorporate herein by reference each of the previous paragraphs contained in this complaint as if fully set forth herein.

25. It was reasonably foreseeable that the above-described acts and omissions of Defendants would directly and proximately cause Plaintiffs to suffer severe mental and emotional distress as a result of the injuries and damages sustained by decedent and his resulting death.

9

26. Defendants' actions described above and below were willful, malicious, outrageous, deliberate, and purposeful. These acts were committed with the intention of inflicting severe emotional distress upon Plaintiffs and/or were done in reckless and/or negligent disregard of the probability of causing Plaintiffs severe emotional distress.

27. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs have sustained severe mental and emotional distress and shock and injury of losing a son and brother, all of which caused, and continue to cause Plaintiffs emotional harm and mental pain and suffering.

28. As a result thereof, Plaintiffs are entitled to damages in an amount to be shown at trial, and Plaintiffs are entitled to special damages for expenses necessarily incurred for decedent's medical bills and funeral expenses.

### COUNT V - Loss of Consortium

29. Plaintiffs incorporate herein by reference each of the previous paragraphs contained in this complaint as if fully set forth herein.

30. As a direct and proximate result of Defendants' aforementioned negligence and the resulting death of Mitsuko Fukuoka, Plaintiffs have each suffered and continue to suffer from the loss of love and affection, loss of society, support, companionship, consortium and protection, loss of filial care,

attention, loss of familial care, guidance, education, and financial support of decedent Mitsuko Fukuoka.

31. Plaintiffs Shiroh Fukuoka and Miho Fukuoka were each wholly or partly dependent upon decedent Mitsuko Fukuoka.

32. As a result thereof, Plaintiffs are entitled to damages in an amount to be shown at trial, and Plaintiffs are entitled to damages against Defendants as shall be shown at trial.

### COUNT VI - Gross Negligence, Recklessness

33. Plaintiffs incorporate herein by reference each of the previous paragraphs contained in this complaint as if fully set forth herein.

34. The conduct of each Defendant was grossly negligent, reckless, willful, wanton and/or in conscious disregard of the consequences of their acts, for which Plaintiffs are entitled to a substantial award of punitive damages against Defendants as shall be shown at trial.

WHEREFORE Plaintiffs pray for Judgment in their favor against Defendants, jointly and severally, as follows;

1. Special damages in an amount to be shown at trial;
2. General damages in an amount to be shown at trial;
3. Punitive damages in an amount to be shown at trial;
4. Prejudgment and post-judgment interest at the legal rate;
5. Attorneys' fees and costs; and

6. Such other and further relief as the Court deems just and proper in the premises.

Dated: Honolulu, Hawaii; _September 8, 2003_ .

_____
ROBERT D. KAWAMURA

Attorney for Plaintiffs
SHIROH FUKUOKA, Individually
and as Personal Representative
Of THE ESTATE OF MITSUKO
FUKUOKA, and as Next Friend Of
MIHO FUKUOKA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SHIROH FUKUOKA, Individually and as Personal Representative Of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend Of MIHO FUKUOKA, a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MORNING STAR CRUISES, INC., a Hawaii corporation; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURERS 1-10, DOE LIMITED LIABILITY ENTITIES 1-10, DOE NON-PROFIT ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, DOE UNINCORPORATED ENTITIES 1-10, and OTHER DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. _____<br>(Non-Vehicle Tort)<br><br>**SUMMONS** |

**SUMMONS**

STATE OF HAWAII

To the above-named Defendants:

You are hereby summoned and required to serve upon LAW OFFICE OF ROBERT D. KAWAMURA, Plaintiffs' attorneys, whose address is 550 Halekauwila Street, Suite 106, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If fail to do so, judgment

by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Dated: Honolulu, Hawaii, **SEP - 8 2003** .

N. ANAYA
Clerk of the above-entitled court

[SEAL: FIRST CIRCUIT COURT STATE OF HAWAII]

Dated: Honolulu, Hawaii, _July 11, 2006_ .

_____
Robert D. Kawamura