OFFICE COPY

Of Counsel:
KAWAMURA LAW OFFICE
Attorneys At Law

ROBERT D. KAWAMURA 4537
107 Lawyers Building
550 Halekauwila Street
Honolulu, Hawaii    96813
Telephone: (808) 523-3777
Facsimile: (808) 523-3780
Email:   Honolaw@aol.com

Attorneys for Plaintiffs/Limitation Defendants
SHIROH FUKUOKA, Individually and
as Personal Representative of
THE ESTATE OF MITSUKO FUKUOKA, and
as Next Friend Of MIHO FUKUOKA, a Minor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In the Matter<br><br>   Of<br><br>The Complaint of MORNING STAR CRUISES, INC., a Hawaii corporation.<br><br>SHIROH FUKUOKA,<br><br>         Plaintiff,<br><br>   Vs.<br><br>MORNING STAR CRUISES, INC., | ) Civil No. CV03-00672SOM<br>) (Non-Vehicle Tort)<br>)<br>) **DEFENDANT SHIROH FUKUOKA'S**<br>) **RESPONSE TO LIMITATION**<br>) **PLAINTIFF'S FIRST REQUEST**<br>) **FOR ANSWERS TO**<br>) **INTERROGATORIES TO DEFENDANT**<br>) **SHIROH FUKUOKA**<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SHIROH FUKUOKA'S RESPONSE TO LIMITATION PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT SHIROH FUKUOKA**

Defendant SHIROH FUKUOKA, by and through his attorney, Robert D. Kawamura, hereby responds to Limitation Plaintiff's

EXHIBIT 3

First Request For Answers To Interrogatories to Limitation
Defendant Shiroh Fukuoka, as follows;

    1.   State your full name, present residence address, and
       social security number.
       Answer:

Shiroh Fukuoka, 8-1-405-2, Hourai-Cho, shimada-Shi, shizuoka-Ken,
Japan

    2.   State the full residence address of each and every
residence where you have resided during the last ten (10) years
and the dates you resided in each residence.
       Answer:

January 2004 - present: 8-1-405-2, Hourai-Cho, Shimada-Shi,
Shizuoka-Ken, Japan
August 1998: 1101-1, Kibune, Hamakita-Shi, Shizuoka-Ken, Japan
August 1997: 8-1, Hourai-Cho, Shimada-Shi, Shizuoka-Ken, Japan
January 1993: 8-2, Hourai-Cho, Shimada-Shi, Shizuoka-ken, Japan
Until December 1992: 15, Hori, Toyama-shi, Toyama-ken, Japan

    3.   State the date and place of your birth, the name given
you at birth, and all names by which you have been known in your
lifetime.
       Answer:

Shiroh Fukuoka
Date of Birth: February 5, 2006
Place of Birth: Tokyo

    4.   If you are married, state the name of your spouse, the
date of your marriage, the occupation of your spouse, and the
name and address of your spouse's place of business or
employment, if any.
       Answer:

My wife's name was Mitsuko Fukuoka.
Date her name was put in the family register: May 21, 1985
Her occupation was: Housewife, Bread Making Class Instructor
Her income was not enough to be taxed.
Her employer was: Homemade Kyokai

5. State the names of each former spouse, if any, the dates you were married to each former spouse, and the present address of each former spouse.
Answer:

Not applicable.

6. If you have any children, state the name (married and maiden name of any married female children), age, sex and present address of each child.
Answer:

We have a daughter, Miho Fukuoka. She was born on June 12, 1988 and is 18 years old. She resides with me at our residence.

7. State the extent of your formal education, specifying the name of each school attended, the years you attended each school, all degrees and diplomas received, and the location of each school.
Answer:

1974 - 1979, Graduated from Tokyo University, Engineering Department, Marine Equipment Engineering, in Bunkyo-Ku, Tokyo

8. State all occupations, part-time and full-time which you have had during the ten (10) year period immediately preceding the day of the incident and all occupations, part-time and full-time which you have had since the day of the incident, specifying the name and address of each place of business, the type of work performed in each occupation, and your income from each occupation and the reason and/or cause of termination of employment at each place of business.
Answer:

Occupations: I worked at Nisshinbo Ltd. during the whole time.
March 2005 - present: Chief of Spinning Section
        Nisshinbo, Fujieda Factory, 600 Zenzaemon, Fujieda-Shi, Shizuoka-Ken, Japan
January 2004: Nisshinbo, Shimada Factory, 8-1, Hourai-Cho, Shimada-Shi, Shizuoka-Ken, Japan
August 1998: Nisshinbo, Hamamatsu Factory, 1200 Kibune, Hamakita-Shi, Shizuoka-Ken, Japan
January 1993: Nisshinbo, Shimada Factory, 8-1 Hourai-Cho, Shimada-Shi, Shizuoka-Ken, Japan
Until December 1992: Nisshinbo, Toyama Factory, 15 Hori, Toyama-Shi, Toyama-Ken, Japan



Salary: ¥7 million per year for 10 years before the accident and ¥8 million per year for 4 years after the accident.

9.    Describe with particularity exactly what occurred in the ninety (90) minutes prior to the incident on August 14, 2002, in which you were allegedly injured and which is the subject of the above action, what occurred during the incident and what occurred during the ninety (90) minutes after the incident, including any thing said by or to you.

Answer:

I am not sure about the time of what exactly happened 90 minutes before and after the incident because we did not time our events that day and it was a very stressful day for me and my daughter. However, I am guessing that ninety minutes before the incident we were probably on our way to the snuba diving activity. When we arrived there, we were told that we would be taken out to a diving site by way of boat. The instructors told us that we would wear a helmet on our heads with an air line from the helmet to the boat so that we could breath underwater. We were taught a hand signal to use if we were needed their help. We were taken out by boat to the dive site and they put helmets on us and we climbed down a ladder to the bottom of the ocean which was approximately 15 feet. We were led to an area several dozen yards away from the ladder. After taking some pictures, we were shown how to feed the fish and we started feeding them ourselves. Neither my daughter nor I were aware of what was happening to Mitsuko from this time on. We were doing what we were supposed to be doing as planned. We were in the water for only about 5 minutes when Mitsuko gave the guide the distress hand signal to indicate something wrong with her body. With one of the instructors, she returned to the ladder and began to climb back up the ladder. It seems that while she was climbing, she passed out and fell back in the water toward the bottom of the ocean. The guide pulled her to the surface. By the time she was brought to the surface, she was without a pulse and spit up water and some sand-like "frothy looking material" when they were attempting to resuscitate her. She was taken to shore by boat where paramedics attempted to treat her and then she was taken by ambulance to the emergency room at the Castle Medical Center.

10.  If you consumed any alcoholic beverage and/or medication in the twelve (12) hours preceding the incident, state what alcoholic beverage and/or medication was consumed, the quantity consumed, where and when said beverage and /or medication was



consumed, and the name and address of the people present each time you consumed each beverage and/or medication.
Answer:

Not applicable.

11.  List the names and addresses of all witnesses to the incident and describe all witnesses whose names are unknown.
Answer:
a. Shiroh Fukuoka, c/o Robert D. Kawamura, 550 Halekauwila Street, Suite 107, Honolulu, Hawaii 96813.
b. Miho Fukuoka, c/o Robert D. Kawamura, 550 Halekauwila Street, Suite 107, Honolulu, Hawaii 96813.

12.  Please describe any and all ocean/water activities you participated in during your trip(s) to Hawaii.
Answer:

None other than swimming.

13.  Please describe in detail any and all instructions you received on the "Seawalker" system prior to the incident.
Answer:

The only instructions we were given were the following

a.  When you don't feel good, wave your hand. Point the part of the body that is having trouble with your finger.
b.  To show O.K. give thumbs up.
c.  Climb down the ladder to the bottom;
d.  Climb up the ladder to get back to the boat;
e.  When moving around, everyone in a group must hold on to a frame like iron pipe and walk.
f.  Kneel down while waiting.

14.  Describe in detail all injuries or ailments you believe were caused or aggravated by the incident.
Answer:

I suffered extreme emotional distress as I witnessed the incident which involved my wife dying in such a horrible way. I also suffer from the loss of my wife, her love, affection, assistance, companionship and her income.

15. State the name and address of all doctors including chiropractors, osteopaths and/or medical doctors who have examined or treated you for any injury or ailment which you claim arose out of the incident and the name and address of each hospital or other medical institution in which you have been confined as a result of the incident.
Answer:

None.

16. If any doctor has submitted and written report to you, your attorney or anyone on your behalf regarding examination or treatment for injuries resulting form the incident, state the name of the doctor who made the report, the date of the report and the entire contents of each report.
Answer:

Not at this time.

17. Describe in detail your physical condition, including all illnesses, medical conditions, physical disabilities and other ailments during the ten (10) years prior to the day of the incident.
Answer:

Defendant objects to this request as being overly broad and seeking irrelevant information as the request is not limited in time or scope to the facts involved in this case and as such it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds as follows: None.



Robert D. Kawamura

18. If you injured yourself in any way at any time during the ten (10) year period immediately preceding the incident or since the day of the incident, state the nature of each injury, the place where each injury was sustained, and the extent to which you have recovered from each injury.



Answer:

Defendant objects to this request as being overly broad and seeking irrelevant information as the request is not limited in time or scope to the facts involved in this case and as such it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds as follows: None.

_____
Robert D. Kawamura


19.    State the name and address of each medical doctor who examined or treated you during the ten (10) year period immediately preceding the day of the incident and the name and address of each hospital or other medical institution in which you were confined at any time prior to the day of the incident, specifying each injury or ailment for which you were examined, treated or confined and the date of each examination, treatment or confinement.
       Answer:

Defendant objects to this request as being overly broad and seeking irrelevant information as the request is not limited in time or scope to the facts involved in this case and as such it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds that he was not physically injured during the incident.

_____
Robert D. Kawamura


20.    List all expenses you believe have been incurred by you or on you behalf, to date, as a result of the incident, specifying the nature and the amount of each item.

       Answer:

Other than my wife's medical expenses, none.


7

21. State the amount and the nature of all future expenses you anticipate will be incurred as a result of the incident.

Answer:

None.

22. If you or anyone on your behalf made any claims against any individual, corporation or organization (including but not limited to insurance companies), for any injuries, expense or damages you allege were caused by the incident, other than this suit, state the name of the party who made the claim, the name of the party against whom the claim was made, the date of the claim, the amount and nature of the claim and the amount of the claim that was paid.

Answer:

Not applicable.

23. What loss of income, if any, do you believe you have sustained to date as a result of the incident and explain how you compute the loss?

Answer:

None.

24. What loss of income, if any, do you believe you will incur in the future as a result of the incident?

Answer:

None.

25. State the amount of your adjusted gross income for the ten (10) years immediately before the date of the incident and all years since the date of the incident, indicating the city and state in which each return was filed.

Answer:

My annual salary was ¥7 million per year for 10 years before the accident, and ¥8 million per year for 4 years after the accident. The cities in which I filed income tax were Toyama-Shi until 1992, and Shimada-Shi until August of 1997, Hamakita-Shi until the end of 2003, and Shimada-Shi until now.

26.   If you have ever filed any claim for damages resulting from personal injury other than this suit (including, but not limited to, claims for worker's compensation benefits), or have ever been sued for damages resulting from personal injury, state the full title of each suit or action, the Court in which the action was instituted, the number to the action, the nature and extent of the injury or damage and the disposition of the suite or action.

      Answer:

Not applicable.

27.   List all crimes of any nature, including traffic offenses, of which you have been convicted, specifying each crime, the date of each crime, the date of each conviction, the title and location of each Court in which you were convicted, and the sentence of each conviction.

      Answer:

None.

28.   List your hobbies, activities, sports activities and recreational activities which you believe have been affected in any way by the incident.

      Answer:

29.   Please identify each person you expect to call as an expert witness at trial and state as to each such person:

a.   The subject matter which each such person is expected to testify;
b.   The substance of the facts and opinions to which each such person is expected to testify;
c.   The specific facts on which the opinion of each such person is based.

Answer:


30.   Please identify any person who assisted you in answering these interrogatories.
Answer:

My attorney, Robert D. Kawamura.